# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | |
| Melissa Marflak | ) | CASE NO. 07-18755 |
| fka Melissa Hufnagle | ) | |
| | ) | JUDGE HARRIS |
| | ) | |
| Debtor | ) | **MOTION FOR PERMISSION FOR THE DEBTOR TO DO A LOAN MODIFICATION** |
| | ) | |
| | ) | |

*******************************************************************************

Now comes the Debtor, Melissa Marflak formerly known as Melissa Hufnagle, by and through the undersigned counsel, to hereby move this Honorable Court to grant this Motion for Permission for the Debtor to Do a Loan Modification. Attached as Exhibit "A" is the Loan Modification Agreement which has been signed by the Debtor. The Debtor does not have the standard forms used in a refinance motion because she is doing a loan modification with her current mortgage company and not refinancing with a new company.

Debtor's current monthly mortgage payment, is $1,074 per month and does include insurance and taxes. Debtor's new mortgage payment would be $1,090.38 per month, which will also include insurance and property taxes. The modified mortgage would provide an interest rate of 6.2%.

The Debtor fell behind on her post petition mortgage payments and her house was to be sold at sheriff's sale. The Sheriff's sale was pulled pending this loan modification. If the Debtor is permitted to modify her loan, the modification would bring her post petition mortgage arrearage current and allow the debtor and her spouse to retain their home.

Debtor will not receive any cash from the mortgage company as a result of this modification.

Debtor has been able to remain current with her plan payment since her case was filed November 17, 2007. Her plan was confirmed February 28, 2008 and she is repaying her creditors 25%.

The customer service agent for Citi residential Lending handling the modification is Anne Bozarth, and her phone number is (800) 211-6926. Debtor has a current loan with Citi Residential Lending but has not had any prior relationship with Ms. Bradley.

WHEREFORE, Debtor prays this motion is granted and the refinance is permitted.

Respectfully Submitted,

/s/Alexander V. Sarady
Alexander V. Sarady (0075500)
Rauser & Associates
Attorney for Debtors
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113
(216) 263-6200

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following by mailing a copy hereof by first class U.S. mail or Electronic Filing on this 17th day of December, 2008.

**Debtors:**
Ms. Melissa Marflak
fka Melissa Hufnagle
7333 Parma Park Blvd
Parma, Ohio 44130

**Attorney for Debtors:**
Alexander V. Sarady
Rauser & Associates
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113

**Trustee:**
Craig Shopneck
BP Tower
200 Public Square #3860
Cleveland, Ohio 44114-2321

**U.S. Trustee:**
200 Public Square
20th Floor, #3300
Cleveland, Ohio 44114

/s/Alexander V. Sarady
Alexander V. Sarady (0075500)
Rauser & Associates
Attorney for Debtors
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113
(216) 263-6200

*Exhibit A*

**EXECUTE AND RETURN TO:**

CITI Residential Lending, Inc.
10801 6th Street, 2nd Floor
Rancho Cucamonga, CA 91730
Attn: Credit Services

Loan No. 0065446635

# LOAN MODIFICATION AGREEMENT
(Providing for Capitalization, Life of Loan Interest Rate
Reduction on Fixed loan With Escrow)

**Original Note Amount: $115,900.00**
**Original Recorded Date: November 30, 2004**

This Loan Modification Agreement ("Agreement"), made this 8th day of December, 2008, between Raymond E. Hufnagle and Melissa Hufnagle ("Borrower(s)") and Citi Residential Lending Inc. ("Servicer") acting in its capacity as the agent and attorney-in-fact for the owner of the Note and Security Interest, amends and supplements (1) the Mortgage (the "Security Instrument"), and applicable Rider(s), if any, dated November 16, 2004 and recorded as Instrument No. 200411301276 of the Official Records of Cuyahoga County, State of Ohio and (2) the Note, bearing the same date as, and secured by, the Security Instrument, which covers the real and personal property described in the Security Instrument and defined therein as the "Property", located at

7333 Parma Park Blvd., Parma, OH 44130

The real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;**

In consideration of the mutual promises and agreements exchanged, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. As of January 1, 2009 the amount payable under the Note and the Security Instrument (the "Unpaid Principal Balance") is U.S. $134,801.55, consisting of the unpaid amount(s) loaned to Borrower(s) plus any interest and other amounts capitalized.

2. Delinquent interest accrued and capitalized (i.e., added to the outstanding principal balance) in the modified loan principal balance is $14,193.03. Other charges (if any) accrued and capitalized are $7,180.16. Delinquent interest and other charges (if any) accrued but not capitalized are $1,396.77.

3. Servicer agrees to reduce the interest rate on this loan for the remaining term. Interest will be charged at this rate on the newly capitalized Unpaid Principal Balance.

4. Borrower agrees that all payments for hazard insurance premiums and taxes will be escrowed throughout the term of the loan and paid by borrower to the Servicer with the monthly Principal and Interest payment.

5. The interest rate is as follows:

| INTEREST CHANGE DATE | INTEREST RATE | PAYMENT DUE DATE | MONTHLY P & I | ESCROW* AMOUNT | TOTAL AMOUNT DUE |
|---|---|---|---|---|---|
| 01/01/2009 | 6.200% | 02/01/2009 | $872.07 | $218.31 | $1,090.38 |

*Borrower(s) will be notified in writing if there are any changes in the escrow payments.

If on December 1, 2034 (the "Maturity Date"), Borrower(s) still owes amounts under the Note and the Security Instrument, as amended by this Agreement, Borrower(s) will pay these amounts in full on the Maturity Date.

Borrower(s) will make such payments to Citi Residential Lending Inc, ATTN: Cashiering Department, First Floor, 1600 McConnor Parkway, Schaumburg, Illinois 60173-6800 or at such other place as Servicer may require.

6. If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower(s) is not a natural person and a beneficial interest in Borrower(s) is sold or transferred) without Servicer's prior written consent, Servicer may require immediate payment in full of all sums secured by the Security Instrument.

If Servicer exercises this option, Servicer shall give Borrower(s) notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower(s) must pay all sums secured by this Security Instrument. If Borrower(s) fails to pay these sums prior to the expiration of this period, Servicer may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower(s).

7. If the Borrower(s) has, since inception of this loan but prior to this Agreement, received a discharge in a Chapter 7 bankruptcy and there having been no valid reaffirmation of the underlying debt, by entering into this Agreement, the Servicer is not attempting to re-establish any personal liability for the underlying debt.

**If Chapter 13 bankruptcy has been filed and a Motion for Relief of Stay has been granted to Citi Residential Lending Inc, this Agreement is contingent on Trustee approval. The approval will be required with the executed, notarized Agreement and wire confirmation. Failure to provide the Trustee's approval will result in this Agreement being rescinded.**

8. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in while or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower(s) and Servicer will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

9. The yearly rate of interest applicable to the Loan prior to execution of this Modification Agreement shall apply after any default under the terms of the Note, Security Instrument or this Modification Agreement.

10. Effective as of the date of this Modification Agreement, the principal indebtedness evidenced by the Note and this Modification Agreement will include any amounts for escrow payments advanced by Servicer on Borrower(s)'s behalf and for delinquent interest accrued in accordance with the terms of the Note.

11. Except as expressly modified by this Modification Agreement, all terms of the Note and Security Instrument remain in full force and effect. By signing below, Servicer and Borrower(s) acknowledge there are no additional terms or agreements, oral or written. By this Agreement, any assumability, convertibility or balloon provision is hereby rescinded.

12. This Modification Agreement does not constitute a limitation or waiver of Servicer's rights to prohibit, or restrict, any future modifications requested by Borrower(s) or to enforce any rights or remedies contained in the Note and Security Instrument.

13. If any terms of this Modification Agreement are deemed invalid or unenforceable, this Modification Agreement shall immediately terminate and the original terms of the Note and Security Instrument shall apply to the Loan.

14. By executing this Agreement, Borrower(s) waives any prior modifications, forbearance agreements or other rate reduction to which Borrower(s) may be otherwise entitled. Borrower(s) further releases and discharges Servicer from any and all claims that occurred prior to the date of this modification of any kind or nature, arising out of or related in any manner to the origination or servicing of the loan. Furthermore, Borrower(s) hereby state that they have read, understand and acknowledge that they are familiar with Section 1542 of the California Civil Code (and any similar provision of law), which section provides as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

15. By executing this Agreement, Borrower(s) asserts that this property is owner-occupied; that the Borrower(s) has the ability repay the loan under the terms of this modification; and, without this modification the Borrower(s) will suffer a hardship as a result of an increase in the payment amount under the original terms of the Note and Security Instrument.

16. The undersigned Borrower(s) agree if requested by Servicer, or any agent of Servicer to fully cooperate and adjust for clerical errors, any documentation connected with this Modifications deemed necessary by the Servicer and to comply with any requests of the Servicer to execute additional documentation within 30 days from the date of mailing such request.

**SERVICER AND BORROWER(S) AGREE AND ACCEPT THE TERMS OF THIS MODIFICATION AGREEMENT AS OF THE DATE FIRST ABOVE WRITTEN.**

| CITI Residential Lending, Inc.     Authorized Signer | Date |

| Borrower(s): Raymond E. Hufnagle | Date |

| Borrower(s): Melissa Hufnagle | Date |

| Witness: | Date |

| Witness: | Date |

# EXHIBIT A

**BORROWER(S): Raymond E. Hufnagle and Melissa Hufnagle**
**LOAN NUMBER: 0065446635**
**LEGAL DESCRIPTION:**

Situated in the City of Parma, County of Cuyahoga and State of Ohio:

And known as Sublot No. 524 in The Clayton C Townes Company's Orchard Acres Subdivision No. 3 of part of Original Parma Township, Lots Nos. 6, 21 and 22, Ely Tract as shown by the recorded plat in Volume 91 of Maps, Page 20 of Cuyahoga County Records, as appears by said plat.

Be the same more or less, but subject to all legal highways.

Property Address: 7333 Parma Park Boulevard, Parma, Ohio 44130

Parcel Number: 457-38-074



**ALSO KNOWN AS: 7333 Parma Park Blvd., Parma, OH 44130**