IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| In Re: | ) | CHAPTER 13 |
| | ) | |
| Melissa A. Marflak, | ) | CASE NO. 07-18755 |
| | ) | |
| | ) | JUDGE HARRIS |
| Debtor | ) | |
| | ) | **MOTION TO MODIFY CONFIRMED** |
| | ) | **PLAN** |

*******************************************************************************************

    Now comes the Debtor, Melissa A. Marflak, by and through the undersigned counsel, to respectfully request this court grant a motion to modify this confirmed chapter 13 plan. Debtors= plan was confirmed with a 47% dividend, and monthly payments of $475.00. Based upon the claims filed with the Court the Plan finishes in under 60 months. Debtor is no longer receiving babysitting income. Further, Debtor=s Utilities and Food expenses have increased. Debtor proposes to modify his plan to $320.00 per month to complete the plan within sixty months, without changing the 47% dividend.

    Debtor prays this motion will be granted.

    Respectfully submitted,

/s/Alexander V. Sarady
Alexander V. Sarady (0075500)
Rauser and Associates
Attorney for Debtor
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113
(216) 263-6200

# UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **In Re:** | ) | **Chapter 13 Case No.:** ____ - _____ - ____ |
| | ) | |
| | ) | **Judge** _____ |
| | ) | |
| **Debtor(s).** | ) | **Original Chapter 13 Plan** |
| | ) | **Modified Chapter 13 Plan,** dated _____ |

*************************************************************************

**NOTICE: (Check One)**

    **This plan DOES NOT include any provision deviating from the uniform plan in effect at the time of the filing of this case.**

    **This plan DOES contain special provisions that must be and are set forth in Article 11 below.**

**YOUR RIGHTS WILL BE AFFECTED. You should read this plan carefully and discuss it with your attorney. Anyone who wishes to oppose any provision of this plan must file with the court a timely written objection. This plan may be confirmed and become binding without further notice or hearing unless a timely written objection is filed. Creditors must file a proof of claim with the court in order to receive distributions under this plan.**

## 1. PLAN PAYMENTS

Within 30 days of the filing of this bankruptcy case, the Debtor or Debtors (hereinafter "Debtor") shall commence making monthly plan payments (the "Monthly Plan Payment") pursuant to 11 U.S.C. §1326(a)(1), as follows:

A. To the Chapter 13 Trustee (hereinafter "Trustee"): **$_____ [A] per month**, payable in installments of $_____ each,

   **and,** unless the court otherwise orders,

B. To secured creditors as adequate protection: **$_____ [B] per month**, allocated as follows:

| Creditor | Collateral | Amount |
|---|---|---|
| | | |

Prior to confirmation, the Debtor shall provide the Trustee with evidence of post-petition payments made by the Debtor to secured creditors as adequate protection payments and to lessors as lease payments.

Upon confirmation of this plan, the Debtor shall make the entire Monthly Plan Payment of **$_____ [A+B] per month** to the Trustee.

## 2. ORDER OF DISTRIBUTION

After confirmation of this plan, funds available for distribution will be paid monthly by the Trustee in the following order: (i) Trustee's authorized percentage fee and/or administrative expenses; (ii) attorney fees as allowed under applicable rules and guidelines; (iii) monthly payments as provided for in Articles 3, 4 and 9; (iv) priority domestic support obligation claims pursuant to 11 U.S.C. §507(a)(1); (v) other priority unsecured claims pursuant to 11 U.S.C. §507(a); and (vi) general unsecured claims. If the Trustee has received insufficient funds from the Debtor to make the monthly payment to secured creditors, the Trustee may pay secured creditor claims on a pro-rata basis. Unless a claim objection is sustained, a motion to value collateral or to avoid a lien is granted, or the court otherwise orders, distributions on account of claims in Articles 3(A), 4(A), 5, 6, 7 and 9 will be based upon the classification and amount stated in each claim holder's proof of claim rather than any classification or amount stated in this plan.

## 3. CLAIMS SECURED BY REAL PROPERTY

### A. Mortgage and Real Estate Tax Arrearages

Trustee shall pay the monthly payment amount to allowed claims for mortgage arrearages and real estate tax arrearages. Trustee will pay interest on the mortgage arrearage if the proof of claim provides for interest, unless an objection to the claim is filed and an order is entered disallowing the requested interest. Debtor shall pay all post-petition mortgage payments and real estate taxes as those payments ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Address | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

### B. Other Real Estate Claims

Trustee shall pay the monthly payment amount to creditors up to the amount specified below to be paid through the plan. The portion of any allowed claim that exceeds the amount to be paid through the plan shall be treated as an unsecured claim.

| Creditor | Property Address | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

## 4. CLAIMS SECURED BY PERSONAL PROPERTY

### A. Secured Claims to be Paid in Full Through the Plan:

Trustee shall pay the following claims in full and in equal monthly payments.

| Creditor | Collateral Description | Amount to be Paid Through the Plan | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

### B. Secured Claims NOT to be Paid in Full Through the Plan:

Claims specified below are debts secured by personal property not provided for in Article 4(A) above. Trustee shall pay the allowed claims the secured amount with interest and in equal monthly payments as specified below. The portion of any allowed claim that exceeds the secured amount will be treated as an unsecured claim. Upon confirmation, the secured amount and interest rate specified below, or as modified, will be binding pursuant to 11 U.S.C. §1327 unless a timely written objection to confirmation is filed and sustained by the court.

| Creditor | Collateral Description | Secured Amount | Interest Rate | Monthly Payment (Paid by Trustee) |
|---|---|---|---|---|
| | | | | |

**5. DOMESTIC SUPPORT OBLIGATIONS**

Debtor  does  does not (select choice) have domestic support obligations pursuant to 11 U.S.C. §101(14A).

<u>If the Debtor does have domestic support obligations:</u>
The holder(s) of any claims for domestic support obligations pursuant to 11 U.S.C. §1302(d) are as specified below. If the holder of a claim is a minor, the name and address of the minor holder shall be disclosed to the Trustee contemporaneously with the filing of this plan in compliance with 11 U.S.C. §112.

| Holder Name | Address | Telephone |
|---|---|---|
| | | |

Trustee shall pay pursuant to 11 U.S.C. §507(a)(1) on a pro-rata basis the allowed arrearage claims for domestic support obligations. Debtor shall pay all post-petition domestic support obligations as those payments ordinarily come due.

| Creditor Name | Address | Estimated Arrearage Claim |
|---|---|---|
| | | |

**6. OTHER PRIORITY CLAIMS**

Trustee shall pay pursuant to 11 U.S.C. §507(a) on a pro-rata basis other allowed unsecured priority claims.

| Creditor | Claim Amount |
|---|---|
| | |

**7. GENERAL UNSECURED CLAIMS**

Debtor estimates the total of the non-priority unsecured debt to be **$**_____. Trustee will pay to creditors with allowed non-priority unsecured claims a pro-rata share of **$**_____ or _____ **%**, whichever is greater.

**8. PROPERTY TO BE SURRENDERED**

Debtor surrenders the following property no later than 30 days from the filing of the case unless specified otherwise in the plan. The creditor may file a claim for the deficiency and will be treated as a non-priority unsecured creditor. Any unsecured deficiency claim must be filed by the bar date for claims or allowed by separate order of the court.

| Creditor | Property Description |
|---|---|
| | |

**9. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

All executory contracts and unexpired leases are rejected except the following, which are assumed. Trustee shall pay the monthly payment amount to allowed claims for executory contract arrearages and unexpired lease arrearages. Debtor shall pay all post-petition payments that ordinarily come due beginning with the first payment due after the filing of the case.

| Creditor | Property Description | Estimated Arrearage Claim | Monthly Payment (Paid by Trustee) |
|---|---|---|---|
| | | | |

**10. OTHER PLAN PROVISIONS**

(a) Property of the estate shall revest in the Debtor ☐ upon confirmation. ☐ upon discharge, dismissal or completion. If the Debtor has not marked one of the boxes, property of the estate shall revest in the Debtor upon confirmation. If the Debtor has elected to have property of the estate revest in the Debtor upon discharge or dismissal, the Debtor must maintain adequate insurance of all property in the estate. Unless otherwise ordered, the Debtor shall remain in possession of all property of the estate during the pendency of this case.

(b) The treatment of the claims of creditors as set forth in this plan shall become absolute upon confirmation, pursuant to 11 U.S.C. §1327. Therefore, if a creditor or contract party named herein objects to this plan, including the valuation of security, interest to be paid, and the treatment of executory contracts and unexpired leases, a formal objection to confirmation must be timely filed with the court.

(c) This plan incorporates 11 U.S.C. §1325(a)(5)(B)(i) with respect to each allowed secured claim provided for by this plan.

(d) Notwithstanding the automatic stay, creditors and lessors provided for in Articles 3(A) and 9 of this plan may continue to mail customary notices or coupons to the Debtor.

(e) Debtor shall not transfer any interest in real property or incur additional debt exceeding $500 in the aggregate without prior notice to the Trustee and without first obtaining the approval of the court as stated in applicable Administrative Orders. Failure to comply with the provisions of this paragraph may lead to the dismissal of this case or the conversion of this case to Chapter 7.

**11. SPECIAL PROVISIONS**

This plan shall include the provisions set forth in the boxed area below. **Note: The provisions set forth below will not be effective unless there is a check in the second *notice box* preceding Article 1.**

DEBTOR -

CO-DEBTOR -

DATE -

ATTORNEY -

# CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the following by mailing a copy hereof by first class U.S. mail or Electronic Filing on this 12th day of February, 2009.

**Debtor:**
Melissa Marflak
7333 Parma Park Blvd.
Parma, OH 44130

**Attorney for Debtor:**
Aaron T. Kimbrell
Rauser & Associates
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113

**Trustee:**
Craig Shopneck
BP Tower
200 Public Square #3860
Cleveland, Ohio 44114-2321

**U.S. Trustee:**
200 Public Square
20th Floor, #3300
Cleveland, Ohio 44114

**Creditor(s):**
Ace Cash
1231 Greenway Dr
#700
Irving, TX 75038

Capital One
P.O. Box 650007
Dallas, TX 75265

Check and Merchant Service
445 Hamilton Ave
#1102
White Plains, NY 10601

Chrysler

P.O. Box 55000
Detroit, MI 48255

CitiMortgage
PO Box 790016
Saint Louis, MO 63179-0016

City of Cleveland Div. of Water & Sewer
P.O. Box 94540
Cleveland, OH 44101-4540

Columbia Gas
P.O. Box 9001847
Louisville, KY 40290-1847

Dell Financial Services
12334 N IH 34
Austin, TX 78753

Emergency Professional Service
P.O. Box 850001
Orlando, FL 32885-1004

First Premier Bank
P.O. Box 5524
Sioux Falls, SD 57117-5524

HSBC
P.O. Box 5222
Carol Stream, IL 60197

Illuminating Company
P.O.Box 3638
Akron, OH 44309-3638

JC Mayer Plumbing
5914 Ridge Rd
Cleveland, OH 44129

Kevin L. Williams
Manley Deas Kochalski
P.O. Box 165028
Columbus, OH 43216

National Cash Advance

5194 Pearl Rd
Cleveland, OH 44129

Orchard Bank
P.O. Box 5222
Carol Stream, IL 60197

Quest Diagnostic
P.O. Box 1235
Elmsford, NY 10523

US Department of Education
P.O. Box 530260
Atlanta, GA 30353

/s/Alexander V. Sarady
Alexander V. Sarady (0075500)
Rauser & Associates
Attorney for Debtor
614 W. Superior Avenue, Suite 950
Cleveland, Ohio 44113

(216) 263-6200